No. 41,939

THE TOPEKA BUILDING AND CONSTRUCTION TRADES COUNCIL, et al., *Appellants*, v. DAVID D. LEAHY, Director, Forestry, Fish and Game Commission of the State of Kansas; BROWN BROTHERS CONSTRUCTION COMPANY, INC., et al., *Appellees*.

(353 P. 2d 641)

Opinion filed July 2, 1960.

*Floyd E. Gehrt,* of Topeka, argued the cause, and *George E. McCullough, Robert L. Kimbrough, W. L. Parker, Jr., Walter N. Scott,* and *Robert B. Wareheim,* all of Topeka, were with him on the briefs for the appellants.

*Robert E. Hoffman,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for appellees Leahy, Salome, Knouft, Shapiro, and Smith.

*Charles D. Green,* of Manhattan, argued the cause, and *Charles S. Arthur,* of Manhattan, was with him on the briefs for the appellee Brown Brothers Construction Company.

The opinion of the court was delivered by

JACKSON, J.: A mandamus proceeding was begun in the court below by the appellants against various state officials and the Brown Brothers Construction Company. Appellants allege that the suit is brought to compel payment of the current rate of per diem wages in accordance with G. S. 1949, 44-201 and 44-203. The parties defendant filed motions to quash the alternative writ which were sustained by the district court, and the plaintiffs appeal.

It would appear that the construction company has been and is engaged in the construction of the earth fill dam at the Shawnee County Lake under contract with the state Forestry, Fish and Game Commission.

In deciding that the motion to quash the alternative writ should be sustained, the district court held that there were two reasons which prevented the plaintiffs from maintaining the suit: First, plaintiffs were not the real or proper parties in interest; and second, plaintiffs could not maintain the action because the motion for the alternative writ did not show any plain ministerial duty upon the defendants to perform an official function required of them by law.

In this appeal, plaintiffs attempt to show that the district court erred in the above decision. Before turning to the above questions, perhaps it would be well to state a few more of the allegations in the motion for the alternative writ.

It is alleged that the trades council above named is an unincorporated association composed of the unincorporated trade unions whose individual members are engaged in the building and construction trades in Shawnee county. The individual plaintiffs are stated to be the officers of the council. Plaintiffs allege they are entitled to bring the action under the provisions of G. S. 1949, 44-811. This allegation is challenged by defendants, who cite the definition contained in G. S. 1959 Supp. 44-802 (1). We do not

pause to decide the disputed question. Section 44-811 is only au-thority for an unincorporated labor organization to bring an action and has no particular relation to mandamus.

Another fact which is made quite clear in the motion for the alternative writ is that none of the individual members of the labor unions which compose the trade council is an employee of Brown Brothers on the project of constructing the earth fill dam involved in the case.

The allegations in the motion that the current rate of per diem wages is not being paid on the dam project are based upon an in-quiry made by counsel of record for the plaintiffs, which inquiry is alleged to have been made at the request of plaintiffs.

The parties are agreed upon the proposition that a motion to quash the alternative writ in a mandamus proceeding under our procedure is used to raise the same questions of law which are normally raised by a demurrer to the petition in the usual action under our code of civil procedure (*State, ex rel., v. City of Walnut,* 165 Kan. 205, syl. ¶ 1, 193 P. 2d 172).

Another proposition which is equally as well established as the last rule is that private citizens, without interests or rights distinct from those of other citizens, cannot maintain mandamus to compel public officials to perform their duties. Ordinarily, such a pro-ceeding is to be brought by the state on relation of the attorney general or the county attorney. This fundamental rule is clearly set out in the case of *Dennis v. State Board of Barber Examiners,* 174 Kan. 561, 257 P. 2d 940. A vast number of the prior decisions of this court upon the subject are collected on page 563 of the Dennis opinion and need not be repeated in this opinion.

We pause to note that in the Dennis case, it was alleged that plaintiffs constituted seventy-five percent of the practicing barbers in the 31st judicial district and that they were petitioning the court to mandamus the state board of barber examiners to act under G. S. 1949, 65-1823 *et seq.,* and particularly under section 65-1830. The last section authorized the plaintiffs to *file a petition with the barber board* asking the board to establish minimum prices for their judicial district. Yet, the decision of this court was that plain-tiffs did not state such a special interest as to enable them to main-tain mandamus.

In this case, plaintiffs rely on G. S. 1949, 44-201 and 44-203 to set out duties which they allege they may enforce by mandamus. A

quick reading of the two sections will show at once that they are strangely similar. One may wonder why the legislature would enact two such similar statutes. Much light may be gathered on that matter by reading the opinion in the case of *State v. Blaser,* 138 Kan. 447, 26 P. 2d 593, written by the then Mr. Justice Harvey. On page 452 will be found the beginning of a complete history of this legislation up to the year 1933. On page 454 of the Blaser opinion, will be found the story of the revision of the section from G. S. 1915, into two sections by the commission preparing the R. S. of 1923, and then another amendment of the section as shown in G. S. 1915 by an act passed during the legislative session of 1923. Faced with this situation, the commission for the revision of the statutes placed their own revised section in the statute book as section 44-201 and included the newly amended draft by the legislature as section 44-203.

In making the general survey of the several sections on this matter, it is of course apparent that section 44-202 at least attempts to make it a criminal offense to violate the provisions of section 44-201. And further, that by section 44-205, it was also attempted to make violations of sections 44-203 and 44-204 a misdemeanor. Of course, in *State v. Blaser,* supra, this court held section 44-201 so indefinite that a criminal charge of employing persons at less than the current rate of per diem wages in the locality could not be made out, and affirmed the judgment of the district court quashing the information. The court also cited and relied upon the decision of the Supreme Court of the United States in *Connally v. General Const. Co.,* 269 U. S. 385, 70 L. Ed. 322, 46 S. Ct. 126, holding the Oklahoma statute, taken from the Kansas statute, invalid and unconstitutional.

In reality, section 44-203 has little if anything to do with current rate of wages in the locality and treats principally of the matter of the eight hour day. The section does provide that not less than the current rate per diem in the locality shall be paid to workmen on state or municipal work or contracts. It should be noted that the eight hour day has no application to work in constructing a dam under the specific provisions of both 44-201 and 44-203.

If we endeavor to analyze section 44-201 to ascertain just what duties are cast upon any one, we must conclude as follows: Certain tests are first provided for determining the current rate of per

diem wages in the same trade in the locality, but the duty or power to make such determination is given to no one.

The next part of the section under consideration provides for the eight hour day which has no application to this case.

It is next provided that workmen employed on contracts with the state or a municipality of this state shall not be paid less than the current wages in the locality, and that contracts "hereafter made by or on behalf of the state of Kansas or by or on behalf of any county, city, township or other municipality of said state with any corporation, (or) person . . ." for the employment of workmen shall contain a provision that the workmen shall be "paid the wages herein provided."

Here at last, we find a definite provision. The statute says a public works contract shall contain a provision for the payment of current wages in the locality. This would appear to be practically the only command in the statute. But it is not charged to have been violated in this case, and it is in fact admitted that the contract with Brown Brothers for the construction of the dam contains such a provision.

Perhaps under the contract in this case certain contractual rights have been created, but plaintiffs have no interest in enforcing that contract even by an ordinary action, and certainly not by mandamus. It is alleged that no one remotely connected with the plaintiffs is employed on the construction project.

Apart from any special interest which would appear to be wanting in the plaintiffs, what plain legal duty do any of the public officers have to take any action upon the contract as against Brown Brothers? It is clear that mandamus will not lie for the performance of an act involving discretion upon the part of a public official. The director of the Fish and Game commission certainly has a right to come to his own conclusions as to whether the contractors are violating the contract with the commission by not paying the current rate of wages. Assuming that he should establish that fact to be true, he yet would have to exercise a discretion to determine whether suit should be filed. Certainly no one will argue that a public official's discretion can be controlled by mandamus.

Attention is directed to *National Mutual Casualty Co. v. Hobbs*, 149 Kan. 625, 88 P. 2d 1006, and to the prior decisions to the same effect collected at page 633 of the opinion by Mr. Justice Dawson, and see further, *State, ex rel., v. Brooks*, 160 Kan. 526, 163 P. 2d 414.

From the foregoing, it would seem very clear that the plaintiffs

have no special interest in any duties or rights provided in the statutes relied upon in this case which would entitle them to maintain this action; and further, that the statutes do not provide for any plain legal duty which may be controlled by mandamus. All of which is to say that the trial court was correct in its judgment and the judgment should be affirmed.

It is hereby so ordered.